1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                   WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
8

9   UNITED STATES OF AMERICA,                 Case No. CR19-8RSL

10                          Plaintiff,
                                              ORDER DENYING
11            v.                              DEFENDANT'S MOTION
                                              FOR COMPASSIONATE
12   NOLAN PAUL CYRE,                         RELEASE

13                          Defendant.

14

15        This matter comes before the Court on defendant's "Motion to Reduce Sentence Pursuant

16   to 18 U.S.C. § 3582(c)(1)(A)(i)." Dkt. # 52. Having considered the motion and the record

17   contained herein, the Court finds as follows:

18        **I.      PROCEDURAL MOTIONS**

19        As an initial matter, the Court finds compelling reasons justify sealing defendant's

20   records containing sensitive information (Dkt. # 63). The government's motion to seal (Dkt.

21   # 62) is accordingly GRANTED. The government's motion to file an overlength response (Dkt.

22   # 60) is also GRANTED.

23        **II.     BACKGROUND**

24        Defendant is a 42-year-old inmate currently incarcerated at Englewood Federal

25   Correctional Institution ("FCI Englewood"). Dkts. # 52 at 3, # 61 at 3. On June 12, 2019,

26   defendant pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4),

27   (b)(2). Dkt. # 31 at 1. On November 1, 2019, the Court sentenced defendant to a 120-month

28   prison term and fifteen years of supervised release. Dkt. # 47 at 2–3. Defendant is currently

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 1

1  scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on July 16,
2  2027. Dkts. # 52 at 18, # 61 at 3. He now moves for compassionate release.

3  **III.    LEGAL FRAMEWORK**

4  The compassionate release statute provides narrow grounds for defendants in
5  "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C.
6  § 3582(c). The First Step Act of 2018 amended the procedural requirements governing
7  compassionate release. See id. Prior to the First Step Act's passage, only the Director of the
8  BOP could bring motions for compassionate release. The Director rarely filed such motions.
9  See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress
10  amended the statute to allow defendants to directly petition district courts for compassionate
11  release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

12  (c) Modification of an imposed term of imprisonment.—The court may not
13  modify a term of imprisonment once it has been imposed except that—

14  (1) in any case—

15  (A) the court, upon motion of the Director of the Bureau of
16  Prisons, or upon motion of the defendant after the defendant
has fully exhausted all administrative rights to appeal a failure
17  of the Bureau of Prisons to bring a motion on the defendant's
18  behalf or the lapse of 30 days from the receipt of such a
request by the warden of the defendant's facility, whichever
19  is earlier, may reduce the term of imprisonment (and may
impose a term of probation or supervised release with or
20  without conditions that does not exceed the unserved portion
21  of the original term of imprisonment), after considering the
factors set forth in section 3553(a) to the extent that they are
22  applicable, if it finds that—

23  (i) extraordinary and compelling reasons warrant such
24  a reduction;  . . .

25  (ii)  . . .

26  and that such a reduction is consistent with the
applicable policy statements issued by the Sentencing
27  Commission[.]

28

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 2

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) **Medical Condition of the Defendant**—
>
>    (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 3

(i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

  (I) suffering from a serious physical or medical condition,

  (II) suffering from a serious functional or cognitive impairment, or

  (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 4

imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13. The Ninth Circuit has held that U.S.S.G. § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." United States v. Aruda, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021). The Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding. Id.; see United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3–5 (W.D. Wash. May 29, 2020) (referring to the guidance of U.S.S.G. § 1B1.13 as "persuasive, but not binding").

## IV.   DEFENDANT'S CIRCUMSTANCES

### a.   Exhaustion Requirement

Prior to considering the merits of defendant's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C.

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 5

1  § 3582(c)(1)(A). The parties agree that defendant satisfied this requirement. Dkts. # 52 at 6–8,

2  # 61 at 7. On November 19, 2020, defendant submitted a request for compassionate release,

3  which the Warden at FCI Englewood denied on December 7, 2020. Dkt. # 63 at 192. Because

4  thirty days have lapsed since the request was presented to the Warden, the Court finds defendant

5  has exhausted his administrative remedies, and the Court will consider the merits of his motion

6  for compassionate release.

### b.  "Extraordinary and Compelling" Circumstances

8        Defendant's motion for compassionate release is based on two arguments: (1) that he is at

9  heightened risk for developing serious complications if he contracts COVID-19 while

10  incarcerated at FCI Englewood; and (2) that he needs to care for his mother who is facing

11  various health challenges. The Court will take each of these arguments in turn.

12        The Court need not reiterate the widely known information regarding the symptoms of

13  COVID-19 and the devastating global impact of the virus. COVID-19 has created

14  unprecedented challenges for federal prisons, where inmate populations are large and close

15  contact between inmates is unavoidable. As of April 6, 2021, the BOP reports 371 federal

16  inmates and 1,268 BOP staff have active, confirmed positive COVID-19 test results. See

17  COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited

18  April 6, 2021). Since the BOP reported its first case in late March 2020, at least 228 federal

19  inmates and four BOP staff members have died from the virus. Id. FCI Englewood currently

20  reports one inmate and zero staff with active, positive COVID-19 test results. Id. BOP has

21  classified 640 inmates and 70 staff at FCI Englewood as having "recovered" from the virus and

22  zero as having died from it. Id. The Court acknowledges that the COVID-19 outlook is not as

23  bleak as it was last spring now that vaccine distribution is underway. See COVID-19

24  Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited

25  April 6, 2021) (showing vaccine implementation statistics).

26        A review of defendant's BOP medical records reflects that he suffers from two medical

27  conditions relevant to increased risk of severe illness from contracting COVID-19: obesity and

28  hypertension. See Dkt. # 63 at 18, 57, 145; Dkt. # 61 at 7–8. The CDC has identified

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 6

1    hypertension as a medical condition that may increase an individual's risk, and obesity as a

2    medical condition that does increase an individual's risk. <u>See</u> <u>People with Certain Medical</u>

3    <u>Conditions</u>, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-

4    with-medical-conditions.html (last visited April 6, 2021). Notably, defendant tested positive for

5    COVID-19 in December of 2020, and medical records show that he was "largely

6    asymptomatic."[1] Dkt. # 61 at 4; Dkt. # 63 at 2–3, 35; The risk of severe illness and death from

7    COVID-19 increases greatly with age, and defendant is only 42 years old. <u>See</u> <u>Hospitalization</u>

8    <u>and Death by Age</u>, CDC, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/

9    investigations-discovery/hospitalization-death-by-age.html (last visited April 6, 2021)

10   (reflecting that while people 40–49 years old were 15x more likely to be hospitalized than

11   people 5–17 years old, people who were 65–74 years old were 40x more likely to be

12   hospitalized than that same reference group). Altogether, given defendant's particular

13   circumstances, including his age, the low rates of COVID-19 at FCI Englewood, and his largely

14   asymptomatic response to previous infection, the Court finds that defendant has failed to

15   demonstrate that "extraordinary and compelling" reasons warrant relief on the basis of

16   defendant's risk of severe illness if he were to contract COVID-19 again.

17        With respect to defendant's stated need to assist his mother, defendant's argument is also

18   unavailing. The commentary regarding U.S.S.G. § 1B.13 provides that family circumstances can

19   serve as an extraordinary and compelling reason for a reduction in sentence when a defendant's

20   spouse or registered partner is incapacitated and when defendant would be the "only available

21   caregiver." U.S.S.G. § 1B1.13 cmt n. 1(C)(ii). Although the policy statement does not currently

22   extend those family circumstances to caring for ailing parents, some courts have considered a

23   defendant's need to care for family members beyond those referenced in the policy statement as

24

25        _____

26        [1] Defendant contends that the government's argument regarding defendant's "largely
     asymptomatic" COVID-19 infection is unavailing because he might "develop symptoms and post-acute
27   COVID-19 syndrome later on." Dkt. # 64 at 2. Should that happen, defendant may file a new motion for
     compassionate release accordingly, but there is insufficient evidence at this stage for the Court to
28   presume the worst.

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 7

1   a basis for compassionate release. See e.g., United States v. Yoda, 2020 WL 5502325, at *2

2   (S.D.N.Y. Sept. 11, 2020). Even if the Court were to consider care for a parent as a potential

3   basis for compassionate release, the Court finds that incapacitation of the family member and

4   the availability of other caregivers remain critical to the analysis. Here, defendant has presented

5   insufficient evidence that his mother is incapacitated and that he is the only available caregiver.

6   The letter defendant submitted from his mother indicates that Mrs. Cyre has "difficulty

7   performing routine daily activities" due to a medical condition, but not that she is unable to

8   perform these activities entirely. Dkt. # 52 at 20. Similarly, the letter reports that she has vision

9   challenges with regard to one of her eyes, and other various medical conditions and physical

10  limitations, but the letter does not assert that any of these health issues actually render her

11  incapable of caring for herself. Id. Additionally, defendant has not demonstrated that he is the

12  only available caregiver. As the government points out, there is no mention of the status of Mrs.

13  Cyre's husband. Dkt. # 61 at 11. Additionally, the Presentence Investigation Report refers to

14  defendant having a sibling. PSR ¶ 39. Therefore, the Court agrees with the government that

15  "even if Mrs. Cyre could benefit from assistance from her son, [he] has not established that there

16  is an absolute need for his assistance, or that he is the only one who can provide that assistance."

17  Dkt. # 61 at 12. Thus, defendant has failed to demonstrate that "extraordinary and compelling"

18  reasons warrant relief on the basis of his mother's health. In sum, neither of defendant's

19  arguments in support of his motion for compassionate release persuade the Court that

20  "extraordinary and compelling" reasons exist here.

21              **c. Additional Considerations**

22          Even if defendant had met his burden to demonstrate that "extraordinary and compelling"

23  reasons warrant his compassionate release, additional considerations lead the Court to deny

24  relief. The Court must assess whether a sentence reduction to time served is consistent with the

25  sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Relevant

26  factors include: (i) "the nature and circumstances of the offense and the history and

27  characteristics of the defendant"; (ii) the need for the sentence imposed "to reflect the

28  seriousness of the offense, to promote respect for the law, and to provide just punishment for the

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 8

1    offense"; to adequately deter criminal conduct; "to protect the public from further crimes of the

2    defendant"; and "to provide the defendant with needed educational or vocational training,

3    medical care, or other correctional treatment in the most effective manner"; (iii) "the need to

4    avoid unwarranted sentence disparities among defendants with similar records who have been

5    found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide

6    restitution to any victims of the offense." 18 U.S.C. § 3553(a); see also United States v. Grimes,

7    No. CR11-5509 BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing relevant

8    factors). Here, the Court finds that the factors weigh against compassionate release.

9            Defendant had been convicted on February 26, 2016 in King County Superior Court of

10   attempted commercial sexual abuse of a minor. PSR ¶ 6. Approximately three months after

11   defendant's release from prison for that offense, the Washington State Department of

12   Corrections discovered that defendant had violated his supervision conditions by possessing

13   several unapproved devices capable of accessing the internet. Dkt. # 61 at 4; PSR ¶ 7. A forensic

14   examination of the electronic devices revealed hundreds of images and video files of child

15   pornography, and his possession of this material led to his current term of incarceration. PSR

16   ¶ 8. Critically, this was not the first time defendant had been found in possession of child

17   pornography. Defendant was also convicted of possession of child pornography in 2011, when

18   defendant was found to have been in possession of approximately 1400 digital images of child

19   pornography, including approximately 34 videos. PSR ¶ 31. In light of defendant's repeat

20   behavior, defendant's failure to complete sex offender treatment after his most recent offense is

21   all the more troubling. PSR ¶ 32, 52. Although defendant argues that his release plan could

22   mitigate any risk he poses, defendant's plan to be released to his parents' home does not instill

23   confidence when defendant has admitted that his parents previously permitted him to use the

24   internet in violation of conditions of a previous sentence. PSR ¶ 31. Moreover, defendant has

25   only served approximately 25% of his sentence. See Dkt. # 52 at 18. Considering the devastating

26   impact that the circulation of child pornography has on the victims, see Dkt. # 40 (victim impact

27   statements), and defendant's repeated criminal conduct, the Court finds that granting

28   compassionate release at this juncture would not be consistent with all of the sentencing

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 9

purposes set forward in § 3553(a), including reflecting the seriousness of the offense, and providing adequate deterrence of criminal conduct and protection for the public. The Court therefore DENIES defendant's motion for compassionate release.

## IV.    CONCLUSION

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 52) is DENIED. The government's motions to seal (Dkt. # 62) and to file an overlength response (Dkt. # 60) are GRANTED.

IT IS SO ORDERED.

DATED this 13th day of April, 2021.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 10