UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOLAN PAUL CYRE,<br><br>Defendant. | Case No. CR19-08RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO ADJUST RESTITUTION PAYMENT SCHEDULE |

This matter comes before the Court on defendant's *pro se* "Motion to Adjust Restitution Payment Schedule" (Dkt. # 67). Having considered the motion, the Government's response, and the record contained herein, the Court DENIES defendant's motion.

**I.  BACKGROUND**

On January 16, 2019, Cyre was indicted on one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(b) and § 2252(b)(2). Dkt. # 13. Cyre pleaded guilty to the offense on June 12, 2019. Dkt. # 31. The applicable statutory penalties for defendant's child pornography possession conviction included imprisonment of no less than ten years, a fine of up to $250,000, and a period of supervision following release from prison of between five years and life pursuant to Title 18, United States Code, Section 3583(k), among others. *See* Dkt. # 31, ¶ 4.

On November 1, 2019, this Court sentenced Cyre to the mandatory minimum guideline sentence of 120 months of imprisonment, to be followed by 15 years of supervised release. Dkt. # 47. The Court also imposed $12,000 in restitution to six victims based on Cyre's ability to pay

ORDER DENYING DEFENDANT'S MOTION
TO ADJUST RESTITUTION PAYMENT SCHEDULE - 1

1  as detailed in the Presentence Investigation Report ("PIR"). Dkt. # 47 at 8–9; *see also* Dkt. # 39.
2  Cyre's restitution obligation was due immediately, payable according to the following schedule:
3  during imprisonment, no less than 25% of his monthly income or "$25 per quarter, whichever is
4  greater"; and, during supervised release, "in monthly installments amounting to not less than
5  10% of the defendant's gross monthly household income." Dkt. # 47 at 9.

6        Cyre earns wages from his UNICOR[1] employment and receives "between $100 to $500"
7  monthly deposits from his parents. Dkt. # 67 (Attachment B, ¶ 2). Cyre is enrolled in the Inmate
8  Financial Responsibility Plan ("IFRP"), a program that "applies to nearly all post-trial inmates
9  in federal facilities" and "is intended to encourage each sentenced inmate to meet his or her
10 legitimate financial obligations." *United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008)
11 (quotations and alterations omitted). Under the IFRP, unit staff develop a financial plan for each
12 inmate by conducting an independent assessment of the inmate's ability to pay and reviewing
13 "all available documentation." 8 C.F.R. § 545.11(a).

14       As part of his IFRP, Cyre has been allocating 50% of his prison employment wages
15 towards his restitution payments.[2] Dkt. at # 67 (Attachment B, ¶¶ 2–6). On January 25, 2024, the
16 Bureau of Prisons ("BOP") updated the IFRP obligations for UNICOR workers and announced
17 that all UNICOR inmates with an IFRP plan will be required to allocate 50% of their total
18 income—*i.e.*, prison employment wages and deposits from external sources, including
19 contribution from relatives—towards financial obligations. Dkt. # 67 (Attachment C). In
20 response, Cyre asserts that due to increasing living costs, his parents will no longer financially
21 assist him; therefore, BOP's updated policy holds Cyre's family responsible for covering the
22 difference between his obligations under the old IFRP and the new IFRP. Dkt. # 67; *id.*
23 (Attachment B, ¶ 2). Accordingly, Cyre seeks an adjustment to his payment schedule to either
24

---

25    [1] "UNICOR is the trade name of Federal Prison Industries, Inc., a self-sustaining government
26 corporation that provides employment and job training to BOP inmates while producing marketable
goods and services." *United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008).
27
28    [2] Based on Cyre's UNICOR "grade," his IFRP requires "payments of at least 50 percent" of his
monthly pay. *See Lemoine*, 546 F.3d at 1047.

ORDER DENYING DEFENDANT'S MOTION
TO ADJUST RESTITUTION PAYMENT SCHEDULE - 2

defer all restitution payments until his release from imprisonment or limit his payments to no more than 50% of his prison employment wages. Dkt. # 67 at 1.

## II.     ANALYSIS

The Mandatory Victim Restitution Act "requires the sentencing court to set a restitution repayment schedule," but it does not "limit the authority of the BOP, through the IFRP, to offer incentives to inmates to pay their restitution obligations in larger amounts or at a faster rate than the court has required." *Lemoine*, 546 F.3d at 1046. Under 18 U.S.C. § 3664(k), the Court is permitted to "adjust the payment schedule, or require immediate payment in full, as the interest of justice requires," upon proper "notification of a material change in the defendant's economic circumstances." Section 3664(k) "permits courts to raise the binding payment floor in response to particular changes if they desire, while leaving room for the BOP to take full advantage of its institutional expertise and resources to create voluntary, flexible financial plans as evolving conditions dictate." *Lemoine*, 546 F.3d at 1050.

The Court is not convinced that defendant's current financial status is any different from that which the Court contemplated when it imposed restitution. The crux of defendant's concern is somewhat premature and does not rise to the level of material change. The Ninth Circuit made clear that BOP has authority to account for funds received from relatives as "income" for IFRP. *Lemoine*, 546 F.3d at 1047. Assuming that Cyre's family is unable to continue depositing funds into his account, it is within BOP's authority to reassess defendant's ability to pay by reviewing his financial obligations and sources of income. 28 C.F.R. § 545.11(a). Either way, a modest change in Cyre's family's financial support, or lack thereof, is not a "material change" under these circumstances. *See United States v. Oseguera,* No. CR03-5638FDB, 2006 WL 851247, at *1 (W.D. Wash. Mar. 30, 2006). Therefore, Section 3664(k) does not apply.

## III.     CONCLUSION

For all the foregoing reasons, defendant's motion to adjust his restitution payment schedule (Dkt. # 67) is DENIED.

IT IS SO ORDERED.

DATED this 17th day of June, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
TO ADJUST RESTITUTION PAYMENT SCHEDULE - 4